IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY MAURICE WILLIAMS, | § | |
| TDCJ-CID NO.897876, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2876 |
| | § | |
| DOUG DRETKE, Director of the Texas | § | |
| Department of Criminal Justice- | § | |
| Institutional Division, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Tony Maurice Williams, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1999 state court felony conviction. Respondent has filed a motion for summary judgment, alleging that petitioner's federal petition is time-barred (Docket Entry No.6) and petitioner has filed a response to the motion. (Docket Entry No.10). For the reasons to follow, the Court will grant respondent's motion and dismiss the petition pursuant to 28 U.S.C. § 2244(d).

I.    PROCEDURAL HISTORY

Petitioner reports that, on October 28, 1999, he was convicted in the 351st Criminal District Court of Harris County, Texas, of the felony offense of possession with intent to deliver a controlled substance. Petitioner's conviction was subsequently affirmed and his petition for discretionary review ("PDR") was refused on March 13, 2002. *Williams v. State*, No.14-00-00204-CR, 2001 WL 950700 (Tex. App.—Houston [14th Dist.] 2001). Although petitioner did not file a petition for writ

of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about June 11, 2002. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a state application for a writ of habeas corpus in the 351st Criminal District Court on February 12, 2003. On January 21, 2004, the Texas Court of Criminal Appeals dismissed the habeas application numbered 45,445-04 for failure to comply with Rule 73.2 of the Texas Rules of Appellate Procedure. (Docket Entries No, 7, part 3; No.10). The Court of Criminal Appeals informed petitioner by letter that the application did not comply with Texas appellate rules because he did not set out the grounds for relief on the form provided but listed the grounds for relief on separate pages attached to the form. (Docket Entry No. 7, part 3).

Petitioner filed a second state habeas application on February 16, 2004, which the Texas Court of Criminal Appeals denied without written order on the trial court's findings without a hearing on May 26, 2004. (Docket Entry No.7, Part 1, *Ex parte Williams*, Application No. 45,445-05, at cover).

Petitioner filed the pending federal petition for a writ of habeas corpus in this Court on June 22, 2004.[1] Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks relief on the following grounds:

    1.        His trial counsel rendered constitutionally ineffective assistance of counsel;

---

[1] Petitioner's application for writ of habeas corpus is dated June 22, 2004, but was not file-stamped until July 15, 2004. The Court will consider the application filed as of the earlier date. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir.1998) (*pro se* habeas petition deemed filed when delivered to prison authorities for mailing).

2.      The state district court's failure to suppress unconstitutionally seized evidence despite proof of an illegal search and seizure constituted judicial misconduct;

3.      His right to due process was violated because only illegally seized physical evidence supported the conviction;

4.      The evidence was legally and factually insufficient to support the verdict;

5.      The warrantless arrest and the warrantless search and seizure violated his rights under the Fourth and Fourteenth Amendments of the federal and state constitutions; and,

6.      The police knowingly committed perjury by tendering false testimony at trial.

(Docket Entry No.1).

II.     <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D)     the date on which the factual predicate of the claim or
>         claims presented could have been discovered through
>         the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State
>         post-conviction or other collateral review with respect to the pertinent
>         judgment or claim is pending shall not be counted toward any period
>         of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996, and

applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154

F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's federal petition was

filed well after that date, the one-year limitations period applies to his claims.  *Flanagan*, 154 F.3d

at 198.

Under the provisions of the AEDPA, petitioner's one-year limitation period began on June

11, 2002, the last day petitioner could have filed a petition for writ of *certiorari* in the United States

Supreme Court.  That date triggered the one-year limitations period which expired on June 11, 2003.

A properly filed state writ application, however, would toll the limitations period while the claim or

judgment was pending in state court.  *See* 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467,

473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing

requirements tolls one-year limitations period during pendency of petition).

Respondent contends that neither of petitioner's two state habeas applications tolled the

limitations period.  Respondent maintains the first application, which was pending from February 12,

2003, until January 24, 2004, was not properly filed and therefore, did not toll the limitations period.

The second application was filed on February 16, 2004, after limitations expired; therefore, it is

untimely.  (Docket Entry No.6).

4

An application is properly filed under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 9 (2000); *see also Villegas*, 184 F.3d at 470 (holding properly filed application is "one that conforms with a state's applicable procedural filing requirements"). Rule 73.1 of the Texas Rules of Appellate Procedure prescribes the form and its required contents to file for relief under article 11.07 of the Texas Code of Criminal Procedure. TEX. R. APP. PROC. 73.1. Rule 73.2 provides that the clerk of the convicting court will not file an application that does not use the form, and it provides that the Clerk of the Court of Criminal Appeals may return a non-complying application with direction to the clerk of the convicting court to return it to the applicant. R. 73.2.

The Fifth Circuit recently held that "an application is not 'properly filed' if the state court blindly applies the procedural bar in all cases without ever having to consider any potential exception to its prohibition or examine any issues related to the substance of the application." *Larry v. Dretke*, 361 F.3d 890, 893-94 (5th Cir.) (quoting *Artuz*, 531 U.S. 4), *cert. denied*, 125 S.Ct. 141 (2004). In the state-court proceedings in *Larry*, the petitioner had filed a state habeas application before the appeal of his state conviction became final under state law. *Id.* at 893. The state habeas application was pending for more than one year in state court before the convicting court issued findings of fact, denied the application, and forwarded it to the Texas Court of Criminal Appeals. *Id.* at 892. Upon receipt of the state habeas application, the Texas Court of Criminal Appeals dismissed it for want of jurisdiction because the habeas application was filed before the direct appeal of the underlying conviction became final. *Id.* The Fifth Circuit determined that "Art. 11.07 [of the Texas Code of Criminal Procedures] provides the exclusive procedures and requirements for seeking habeas relief in non-death penalty cases, and the TCCA could not have exercised jurisdiction over Larry's state

5

habeas application outside the procedures outlined in Art. 11.07. Larry's state habeas application was thus not properly filed." *Id.* at 896.

In an unpublished opinion, the Fifth Circuit determined that an article 11.07 state habeas application, that was deficient on the exact same basis as the initial state habeas application filed by petitioner, did not constitute a properly filed application under § 2244(d)(2) because "the application failed to comply with Tex. R. App. 73.2." *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278592 (5th Cir. 2004). Although the opinion in *Edwards* is not precedential, it is instructive. Accordingly, the Court finds that because petitioner's first state habeas application was dismissed for failure to comply with Rule 73.2 of the Texas Rules of Appellate Procedure, it was not properly filed for post-conviction review under § 2244(d)(2). Therefore, its pendency before the Texas Court of Criminal Appeals does not toll the AEDPA limitations period.

Petitioner's second state habeas application, although properly filed, did not toll the limitations period because it was filed after June 11, 2003, the last date petitioner could have timely filed his federal habeas petition. Petitioner's federal habeas petition filed June 22, 2004, therefore, is untimely.

Petitioner, nevertheless, seeks equitable tolling of the statute of limitations on the ground that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Petitioner claims the state district court did not act promptly on his first state habeas application even though he diligently sought relief via letters and an application for writ of mandamus in the Texas Court of Criminal Appeals. (Docket Entry No.10). Petitioner also claims the instructions on the state habeas application were misleading. (*Id.*). Petitioner claims the Harris County District Clerk forwarded the first state habeas application to him "with instructions where the

Texas Court of Criminal Appeals rejected the Writ of Habeas Corpus for failure to follow the instructions stating that the Petitioner could not add additional pages to the Writ Application to present meritable argument's [sic] over the count of four." (*Id.*). However, the record does not show that petitioner's first state habeas application was rejected for failure to follow the instructions on the state habeas form. In a letter to petitioner dated February 19, 2004, a Harris County Deputy Clerk informed petitioner that his first state habeas application had been dismissed for non-compliance with the rule. (Docket Entry No.7, part 2, page 53). Neither petitioner nor respondent have filed a copy of the first state habeas application.

The one-year limitations provision of the AEDPA "does not operate as a jurisdictional bar and can in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "As a general rule, equitable tolling operates only 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Davis*, 158 F.3d at 810-11). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

As in *Larry*, the state habeas court, in this case, held petitioner's first state habeas application well beyond the period provided for by state law and beyond the federal statute of limitations period. *See Larry*, 361 F.3d at 897 (citing article 11.07, §§ 3(b-c) of the Texas Code of Criminal Procedure). The state habeas court here, as in *Larry*, did not mislead petitioner in any way or prevent him from

7

asserting his rights. Petitioner's own action of filing a non-conforming state habeas application and not any action taken by the state court, prevent him from asserting his rights. *See id.* If petitioner had "properly filed" his first state habeas application in accordance with the Texas Rules of Appellate Procedure, the federal statute of limitations would have tolled for the entire period his state application was pending before the state habeas courts. *See id.*

Based on this record, the Court finds that petitioner has not shown that state action or his ignorance of the law constitutes a rare or exceptional circumstance that would justify equitable tolling in this case. Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, petitioner's federal petition is barred by the AEDPA's one-year limitation period; therefore, this action is DISMISSED.

III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

8

constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would debate the correctness of the Court's procedural ruling; therefore, a certificate of appealability from this decision will not issue.

IV.  <u>CONCLUSION</u>

Accordingly, the Court ORDERS the following:

1.  Respondent's motion for summary judgment (Docket Entry No.6) is GRANTED.

2.  Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

3.  This cause of action is DISMISSED with prejudice, as time-barred.

4.  A certificate of appealability is DENIED.

Signed at Houston, Texas, this 5th day of July, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

9